UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOAN FRITZ, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-CV-2659 |
| | § | |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
|     *Defendant*. | § | |

## ORDER

Pending before the court are appellant, Joan D. Fritz's motion for summary judgment and appellee, Commissioner of the Social Security Administration ("Commissioner"), Michael Astrue's, cross-motion for summary judgment. Dkts. 7 & 8. The court has considered the motions, the administrative record, and applicable law. For the reasons set forth below, the appellant's motion for summary judgment is DENIED and appellee's motion for summary judgement is GRANTED

**I.    Case Background**

    **A.    Procedural History**

In this action, Fritz seeks review of the decision of the Commissioner denying her application for disability and disability insurance payments under Title Two of the Social Security Act ("the Act"). Fritz filed her application for benefits on July 23, 2001.[1] The Social Security Administration denied her application upon initial consideration and subsequently on reconsideration. An Administrative Law Judge ("ALJ") ruled unfavorably on August 28 2003. *Id.* Fritz requested a review of the decision. *Id.* On August 19, 2005, the appeals council granted the review, vacated the

---

[1] Court Transcript ("Tr.") 15.

decision by the ALJ and remanded the case for resolution of several issues. *Id*. A different ALJ heard the case on June 6, 2006 and later on August 18, 2006 issued a decision denying benefits.[2] Fritz requested a review of the August 18, 2006 decision. The appeals council denied the request on June 19, 2007[3] making the August 18, 2006 decision the final decision of the Commissioner. *Id*. Fritz filed this timely civil action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision. Dkt. 1.

### B. Factual History

Fritz was born on June 15, 1958 and worked as an accounting clerk until June 1, 2000.[4] She alleges that from June 1, 2000 to May 10, 2004 she was disabled and claims benefits for that period.[5] Fritz's medical records during the period of analysis document diagnoses of peripheral neuropathy, tachycardia with a history of cardiomyopathy, cirrhosis of the liver, and a depressive disorder.[6] Testifying at the hearing were the claimant; Ashok Khushalini, M.D., an addictionologist who is board certified in psychiatry; Thomas King, a vocational expert; and Charles R. Murphy, M.D., a medical expert.[7]

---

[2] See Tr. 15-23.

[3] Tr. 5.

[4] Tr. 25.

[5] Tr. 15 & 22.

[6] Tr. 16.

[7] Tr. 15.

After evaluation of the evidence, the ALJ found that Fritz had not engaged in any substantial gainful activity during the alleged period of disability.[8] Additionally, the ALJ determined Fritz's peripheral neuropathy, tachycardia with a history of cardiomyopathy, cirrhosis of the liver, and depressive disorder were severe impairments since they imposed more than a slight limitation on her ability to perform work related activities. *Id*. However, the ALJ concluded that the severity of the impairments did not meet the requirements of the medical listings in Social Security Regulations Appendix 1, Subpart P, No. 4.[9]

Instead, the ALJ found that the Fritz had the capacity to lift and carry 5 pounds frequently and 10 pounds occasionally, sit 6 hours of an 8 hour workday, stand and walk 2 hours of a workday, and occasionally bend and change positions.[10] Furthermore, the ALJ found that the apellant could follow work rules, relate to coworkers, deal with the public, use judgment, and function independently. *Id*. On the other hand, the ALJ found the the Fritz had only a fair ability to deal with work pressures, maintain attention and concentration, and understand, remember and carry out complex job instructions. *Id*. Nonetheless, the ALJ determined Fritz had residual function capacity consistent with the demands of her past relevant work as an accounting clerk. *Id*.

## II.     Standard of Review and Applicable Law

In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002). Appellate review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is

---

[8] Tr. 16.

[9] Tr. 22-23.

[10] Tr. 23.

supported by substantial evidence. *Estate of Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2000). Substantial evidence is something more than a scintilla but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 2000). The Commissioner is to resolve conflicts in the evidence. *Id.* "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive" 42 U.S.C. § 405(g). The court may only overturn the Commissioner's decision if there is "a conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen* 864 F.2d 340, 343-44 (5th Cir. 1988).

Disability under the Act is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *Carey*, 230 F.3d at 135.

(1)  a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

(2)  a claimant will not be found to be disabled unless he has a "severe impairment";

(3)  a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

      (4)      a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

      (5)      if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Greenspan v. Shalala* 38 F.3d 232, 236 (5th Cir. 1994). At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Carey*, 230 F.3d at 135. At step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of her existing impairments. *Id*. If the Commissioner meets this burden, the claimant must then prove she cannot in fact perform the alternate work. *Id*.

**III.   Analysis**

      Fritz requests judicial review of the ALJ's decision to deny disability benefits. She contends that the determination that her residual functional capacity was consistent with past demands is not supported by substantial evidence and that there was legal error in that determination. Fritz further claims that the Commissioner erroneously found that her depression did not affect her ability to do work.

      The Commissioner contends that the decisions should stand because the Commissioner employed proper legal standards in reviewing the evidence, and the decision is supported by substantial evidence. The court reviews each party's argument below.

5

### A.     Residual functional capacity

Fritz first questions the ALJ's determination that her functional capacity was consistent with the demands of prior accounting clerk work.  The ALJ reviewed the results of Fritz's November 2001, November 2002, and June 2003 examinations.  Her doctors found she had full strength in some extremities, "some" decreased pinprick to the knees and elbows bilaterally, decreased vibration to the ankles, "mildly" decreased vibration at the fingertips bilaterally, a wide based gait, and a positive Romberg test.  The ALJ further considered the opinion of Dr. Hsu, Fritz's treating physician, that Fritz was disabled in terms of her daily functioning.  However, the ALJ concluded these findings would not preclude sedentary work.  Furthermore, the records show that Fritz told Dr. Ganc, one of her treating physicians, that her daily activities included taking care of her friends house, cooking, laundry, and taking care of her friend's children.  The ALJ concluded that all of these activities required Fritz to walk and use her hands. Dr. Murphy, a medical expert, opined that the claimant had the capacity to lift and carry less than 5 lbs occasionally, sit 6 hours of an 8 hour workday, stand and walk 2 hours of a workday, and occasionally bend, but would need the opportunity to change position every hour.   Mr. King, a vocational expert, testified that a hypothetical person with Fritz's  mental and physical capacity could perform the past relevant work experience as an accounting clerk.  The ALJ found that Dr. Murphy's testimony regarding Fritz's physical abilities[11] along with Mr. King's testimony[12] combined to demonstrate that Fritz had the residual functional capacity to perform her past work as an accounting clerk.

---

[11] Tr. 20.

[12] Tr. 22.

6

The court finds more than a mere scintilla of evidence in the record supporting the ALJ's determination that Fritz had the residual functional capacity to perform her past work as an accounting clerk. Therefore, the ALJ's decision is supported by substantial evidence, and, the court cannot overturn the Commissioner's decision that Fritz could perform as an accounting clerk

**B.    Depression**

Fritz next argues that the Commissioner erroneously found her depression was mild to moderate and did not affect her ability to work. Dr Khushalani, a board certified phychiatrist, testified that her depression was mild to moderate.[13] And, Fritz told Dr. Ganc that her daily activities included taking care of her friends house, cooking, laundry, and taking care of her friend's children which supports that conclusion. Based on this evidence, the ALJ concluded that the symptoms were not as severe as alleged.

The court finds substantial evidence to support the ALJ's determination that Fritz's depression was mild to moderate and did not affect her ability to work. Thus, the court finds that the ALJ committed no error in finding Fritz's depression was not severe.

**IV.    Conclusion**

For all of the aforementioned reasons, the appellant's motion for summary judgment (Dkt. 7) is DENIED and appellee's motion for summary judgement (Dkt. 8) is GRANTED.

Signed at Houston, Texas on February 28, 2008.

_____
Gray H. Miller
United States District Judge

---

[13] Tr. 464.

7